UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
*electronically filed*

| | |
|---|---|
| **METTEKJISTINE MCKENZIE AND CHASITY COMBS, individually and on behalf of all other similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ALLCONNECT, INC.**<br><br>**Defendant.** | **Case No.:** |

## NOTICE OF REMOVAL OF ALLCONNECT, INC.

Defendant Allconnect, Inc. ("Allconnect"), by and through its counsel, hereby gives notice of removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, from the Fayette Circuit Court of the Commonwealth of Kentucky to the United States District Court for the Eastern District of Kentucky. In support of this removal, Defendant states as follows:

## FACTUAL BACKGROUND

1. On or about April 18, 2018, Plaintiff MetteKjistine McKenzie and Chasity Combs ("Plaintiffs") commenced a state court action against Defendant in the Fayette Circuit Court for the Commonwealth of Kentucky, styled *MetteKjistine McKenzie and Chasity Combs v. Allconnect, Inc.*, Case No. 18-Cl-01449 (the "State Court Action"). *See* Class Action Complaint, dated April 18, 2018, a true and correct copy of which is attached hereto as Exhibit "A".

2. Defendant Allconnect accepted service on April 26, 2018. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3. The State Court Action asserts claims for negligence, invasion of privacy, breach of implied contract, and breach of fiduciary duty, arising out of an inadvertent disclosure of Plaintiffs'

2017 W-2 tax form information by an employee of Defendant to an unknown individual. *See* Class Action Compl. ¶ 2.

4. Plaintiffs seek certification of a class of: "[a]ll current and former Allconnect employees whose PII was compromised as a result of the Data Disclosure." *See* Class Action Compl. ¶ 72. In the alternative, Plaintiffs seek certification of the following state classes: "[a]ll current and former Allconnect employees who currently reside in Arizona and whose PII was compromised as a result of the Data Disclosure" and "[a]ll current and former Allconnect employees who currently reside in Kentucky and whose PII was compromised as a result of the Data Disclosure". *See* Class Action Compl. ¶ 73.

5. Plaintiffs seek recovery for themselves and the putative class damages, attorneys' fees and costs, other additional relief as the court may deem just and proper, injunctive relief directing Allconnect to adequately safeguard the personally identifiable information ("PII") of the class by implementing security procedures and measures, and injunctive relief requiring that Allconnect provide notice to each member of the class relating to the full nature and extent of the data disclosure and the disclosure of PII to unauthorized individuals. *See* Class Action Compl. Prayer for Relief. Plaintiffs also alleged various damages including, but not limited to out-of-pocket costs associated with preparing and filing their tax return, out-of-pocket costs associated with addressing false tax returns, lost or delayed tax refunds, out-of-pocket costs associated with procuring identity theft protection and restoration services, costs associated with freezing their credit, costs associated with an increased risk of identity theft and fraud, and time spent monitoring, addressing, and correcting the current and future consequences of the data disclosure. *See* Class Action Compl. ¶¶ 105, 126.

## GROUNDS FOR REMOVAL

6. This case is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.* minimum diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy exceeds $5,000,000, aggregating all claims and exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). As described below, each of these requirements is met here.

### A. Minimal Diversity Exists

7. In accordance with 28 U.S.C. § 1332(d)(2), there is diversity in this action. The State Court Action alleges that Plaintiff MetteKjistine McKenzie is a citizen and resident of Arizona and that Plaintiff Chasity Combs is a citizen and resident of Kentucky. *See* Class Action Compl. ¶¶ 11, 18. Defendant Allconnect is a Delaware corporation with its principal place of business in Georgia. *See* Class Action Compl. ¶ 25.

### B. The Proposed Class Consists of More Than 100 Members

8. Plaintiffs bring this action on behalf of "[a]ll current and former Allconnect employees whose PII was compromised as a result of the Data Disclosure." *See* Class Action Compl. ¶ 72.

9. The W-2 tax form information identified in the Complaint included information for 1,854 current and former employees. *See* Declaration of Melinda Narciso ¶ 3, dated May 15, 2018, a true and correct copy of which is attached hereto as Exhibit "B" ("Narciso Declaration"); *See* Class Action Compl. ¶ 2.

10. Accordingly, the putative class consists of more than 100 members, satisfying the requirement of CAFA.

### C. Amount in Controversy Exceeds $5,000,000

11. Plaintiffs do not allege an amount of damages in their Class Action Complaint.  Instead, Plaintiffs simply state that the amount in controversy exceeds $5,000. *See* Class Action Compl. ¶ 29.  Where a complaint does not set forth an estimate of aggregate damages, the $5,000,000 amount in controversy requirement may be satisfied when it can be reasonably deduced from the allegations that the aggregate amount in controversy could exceed $5,000,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014)*; Kendrick v. Standard Fire Insur. Co.*, No. 06-141-DLB, 2007 WL 1035018 (E.D. Ky. March 31, 2007); *Rosenstein v. Lowe's Home Ctr, Inc*., 2007 WL 98595, *2 (E.D. Ky. Jan. 9, 2007).

12. Based on the substance and scope of the claims that are asserted and the remedies requested, it can reasonably be deduced that the allegations in the Class Action Complaint give rise to an amount in controversy in excess of $5,000,000.

13.   Plaintiffs seek to represent "[a]ll current and former Allconnect employees whose PII was compromised as a result of the Data Disclosure." *See* Class Action Compl. ¶ 72.  The inadvertent disclosure of W-2 tax form information identified in the Complaint included the information for 1,854 current and former employees.  *See* Narciso Declaration ¶ 3; *See* Class Action Compl. ¶ 2.

14. Plaintiffs seek damages relating to out-of-pocket costs associated with procuring identity theft protection and restoration services. See Class Action Compl. ¶ 105.   The Class Action Complaint is silent as to the time period for which Plaintiffs' seek these services.

15. Credit monitoring services through LifeLock cost $17.99 per month for LifeLock Advantage. *See* LifeLock Overview of standard, advantage, and ultimate plus credit monitoring and identity theft protection services (last viewed on May 14, 2018), *available at* https://www.lifelock.com/store, a true and correct copy of which is attached hereto as Exhibit "C".

For a five-year period, that totals $1,079.40 per putative class member. For a class of 1,854 individuals, that totals $2,001,207.60.

16. Credit repair services through CreditRepair.com, Inc. cost $99.95 per month. CreditRepair.com, Inc., how credit repair works (last visited May 14, 2018), *available at* https://www.creditrepair.com/how-credit-repair-works, a true and correct copy of which is attached hereto as Exhibit "D". For a five-year period, that totals $5,997 per putative class member. For a class of 1,854 individuals, that totals $11,118,438.

17. Plaintiffs also seek damages arising from "anxiety and emotional distress" as a result of the data disclosure. *See* Class Action Compl. ¶ 70. Juries in this state have returned verdicts of $15,000 for mental anguish. *See Northeast Health Management, Inc. v. Cotton*, 56 S.W.3d 440 (Ky. Ct. App. 2001). For a class of 1,854 individuals, a similar emotional distress award would be $27,810,000.

18. Plaintiffs allege damages in the form of "[l]ost opportunity costs and lost wages associated with effort expended and the loss of productivity from addressing and attempting to mitigate the actual and future consequences of the data disclosure . . ." *See* Class Action Compl. ¶ 70. Juries in this state have returned verdicts of $400 for lost wages. *See McVey v. Berman*, 836 S.W.2d 445 (Ky. Ct. App. 1992). For a class of 1,854 individuals, a similar award would total $741,600.

19. The total for the above services and non-economic damages is $22,476.40 per putative class member. The total is $41,671,245.60 for a class of 1,854 individuals.

20. Plaintiff also seeks injunctive relief directing Allconnect to adequately safeguard the PII of the class by implementing security procedures and measures, and injunctive relief requiring notice to each member of the class relating to the full nature and extent of the data disclosure and the disclosure of PII to unauthorized individuals. *See* Class Action Compl. Prayer for Relief.

21. Plaintiffs also seek attorneys' fees. *See* Class Action Compl. Prayer for Relief. Kentucky courts have awarded attorneys' fees as high as 25%. *See College Retirement Equities Fund, Corp. v. Rink*, No. 2012-CA-002050, 2015 WL 226112 (Ky. Ct. App. Jan. 16, 2015). As a result, $10,417,811.40 in attorneys' fees could potential be awarded in this matter.

22. Therefore, excluding damages referenced in Paragraph 20, *supra*, the total amount in controversy, by a preponderance of the evidence, is approximately $52,089,057, before the cost of any injunctive relief is calculated.

23. Accordingly, while Defendant does not concede that a class or classes can be certified in this matter, or that Plaintiffs or members of the proposed classes are entitled to the damages Plaintiffs seek, the matter in controversy exceeds the sum or value of $5,000,000 based on the allegations of the Complaint.

## COMPLIANCE WITH REMOVAL STATUTES

24. This Notice of Removal is properly filed in the United States District Court for the Eastern District of Kentucky because the Fayette Circuit Court in the Commonwealth of Kentucky is located within the Eastern District of Kentucky. Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

25. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

26. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of service.

27. Pursuant to 28 U.S.C. § 1446(a), annexed hereto are copies of all process documents, pleadings and orders served upon Defendant with respect to this action.

6

28. Pursuant to 28 U.S.C. § 1446(b), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy, along with a Notice to Clerk of Removal, will be promptly filed with the Clerk of the Fayette Circuit Court in the Commonwealth of Kentucky.

## CONCLUSION

For the foregoing reasons, Defendant Allconnect respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Fayette Circuit Court in the Commonwealth of Kentucky.  Defendant Allconnect further requests that all such other and further relief as this Court deems just and proper.

                                            Respectfully submitted,

                                            /s/ Robert E. Maclin, III
                                            Robert E. Maclin, III
                                            Jaron P. Blandford
                                            McBrayer, McGinnis, Leslie
                                              & Kirkland, PLLC
                                            201 East Main Street, Suite 900
                                            Lexington, KY 40507
                                            Telephone: (859) 231-8780 ext. 301
                                            Fax: (859) 231-1175
                                            remaclin@mmlk.com
                                            jblandford@mmlk.com
                                            *Counsel for AllConnect, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2018, a true and correct copy of the foregoing was served via email, first-class, U.S. Mail, postage prepaid, and by filing electronically with the Clerk of the Court, to the following:

David O'Brien Suetholz
BRANSTETTER, STRANCH
& JENNINGS, PLLC
515 Park Avenue
Louisville, KY 40208
davids@bsjfirm.com

J. Gerard Stranch, IV
BRANSTETTER, STRANCH
& JENNINGS, PLLC
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
gerards@bsjfirm.com

                                              /s/ Robert E. Maclin, III
                                              *Counsel for Defendant, Allconnect, Inc.*